UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOYCE A. McMAHON,

               Plaintiff,                         **ORDER**
                                            13-CV-1404 (KAM)(RML)
        - against -

JANET NAPOLITANO, Secretary U.S.
Department of Homeland Security, et al.,

               Defendants.
-----------------------------------------------------------X

**MATSUMOTO, United States District Judge:**

     On March 13, 2013, *pro se* plaintiff Joyce A. McMahon filed this complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and the Age Discrimination and Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621-634.[1] Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is hereby granted. Plaintiff's claims against the six individual defendants she has named in the body of her complaint are hereby dismissed. Plaintiff's claims against defendant Janet Napolitano shall proceed as set forth below.

**STANDARD OF REVIEW**

     Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius,* 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights

---

[1] The Court notes that plaintiff has a pending employment discrimination action before this Court. *See McMahon v. Napolitano,* No. 12-CV-5878 (KAM)(RML).

violations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

Janet Napolitano, Secretary of the Department of Homeland Security, is properly named in the caption of plaintiff's complaint as a defendant to this action because she is the head of the United States Department at which plaintiff was employed. Plaintiff also attaches a list to the form complaint that names six individual defendants in addition to defendant Napolitano.

Title VII and the ADEA, under which plaintiff has brought this action, do not provide for individual liability; rather, only the employer may be named. *Patterson v. Cnty. of Oneida,* 375 F.3d 206, 221 (2d Cir. 2004) ("[W]e note that individuals are not subject to liability under Title VII.") (internal quotation marks omitted); *Cherry v. Toussaint,* 50 F. App'x 476, 477 (2d Cir. 2002) ("[T]he ADEA precludes individual liability."); *Rozenfeld v. Dep't of Design and Const. of City of New York,* 875 F. Supp. 2d 189, 201 (S.D.N.Y. 2012) (noting that neither Title VII nor the ADEA provides for individual liability); *Garibaldi v. Anixter, Inc.,* 407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA.").

Alternatively, in the case of a federal agency or department, only the official Agency or Department head may be named. 42 U.S.C. § 2000e-16(c); *Boos v. Runyon,* 201 F.3d 178, 183 (2d Cir. 2000); *Ellis v. U.S. Postal Svc.,* 784 F.2d 835, 838 (7th Cir. 1986) (holding that Title VII's rule that "the only proper defendant is the head of the agency" should also apply to actions under the ADEA); *Healy v. U.S. Postal Svc.,* 677 F. Supp. 1284, 1289 (E.D.N.Y. 1987) ("Since both [Title VII and the ADEA] should be construed consistently, this court holds that the only proper party defendant in a suit against the Postal Service under the ADEA is the Postmaster General of the United States."); *cf. Bornholdt v. Brady,* 869 F.2d 57, 65 (2d Cir. 1989) (noting that because ADEA

2

§ 633 was patterned after Title VII's provisions, "[w]e have analogized the ADEA to Title VII in formulating burden-of-proof and order-of-proof standards for ADEA suits, and other circuits have been guided by parallel provisions in Title VII in interpreting § 633a [with regard to the] proper party defendant" (citing *Ellis,* 784 F.2d at 838)). Therefore, the court dismisses plaintiff's claims against W. Daniel Baldwin, Cynthia Covell, Teresa Halpin, James T. Madden, Rachelle Lewis, and Geraldine Munsayac, the individual defendants she named in the complaint. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons discussed above, plaintiff's claims against defendants W. Daniel Baldwin, Cynthia Covell, Teresa Halpin, James T. Madden, Rachelle Lewis, and Geraldine Munsayac are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to these defendants.

Plaintiff's complaint against the remaining defendant, Secretary Janet Napolitano, may proceed. The Clerk of the Court is directed to issue a summons for this defendant and the United States Marshals Service is directed to serve the complaint and this Order on this defendant without prepayment of fees.

The case is referred to the Honorable Robert M. Levy, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

__/s/_____
Kiyo A. Matsumoto
Dated: April 8, 2013                    United States District Judge
     Brooklyn, New York