UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

JOYCE A. McMAHON,

                      Plaintiff,

    -against-

JEH JOHNSON, Secretary, U.S. Department
of Homeland Security

                      Defendant.
---------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

13-cv-1404 (KAM)(RML)

**MATSUMOTO, United States District Judge:**

On March 13, 2013, plaintiff Joyce A. McMahon ("plaintiff" or "Ms. McMahon"), commenced this action against Jeh Johnson[1], the Secretary of the Department of Homeland Security ("DHS" or "defendant" or the "agency"). (Compl., ECF No. 1.) Plaintiff alleges that defendant discriminated against her on the basis of her race, color, national origin, sex, and age and then retaliated against plaintiff for her complaint to the agency's Equal Opportunity Office ("EEO") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age Discrimination and Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621-634, when defendant (1) canceled plaintiff's out-of-state training; (2) denied her a scheduled grade increase; (3) subjected her to non-sexual harassment; and

---
[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson, Secretary of the U.S. Department of Homeland Security, is automatically substituted as the defendant in this action.

(4) terminated her employment with the agency.

On January 31, 2014, defendant moved for partial dismissal of the complaint or, in the alternative, for partial summary judgment. (Mot. to Dismiss for Failure to State a Claim or, in the alternative, Mot. for Summ. J., ECF No. 19.) Specifically, defendant moved to dismiss the following claims: the denial of a grade increase[2], any harassment claims accruing prior to January 26, 2011, and plaintiff's retaliation claims. By order dated April 11, 2014, the court referred the motion to Magistrate Judge Robert Levy for Report and Recommendation ("R&R"). On June 10, 2014, plaintiff moved to amend her complaint, attaching her proposed amendments. (Corrected[3] Mot. to Amend Complaint ("Am. Compl."), ECF No. 25.[4]) In light of plaintiff's uncertainty about whether she would continue to litigate the case or change venue, the court terminated defendant's motion to dismiss or, in the alternative, for summary judgment by order dated September 11, 2014. By order dated December 2, 2014, the court reinstated defendant's motion.

---

[2] Consistent with the Report and Recommendation, the court also refers to the grade denial claim as a failure to promote claim.
[3] Plaintiff filed two motions to amend on the same day, June 10, 2014. The court refers to the second motion that plaintiff filed, which is labeled "CORRECTED" on the first page.
[4] The court notes that plaintiff's Motion to Amend with her proposed amendments is identical to plaintiff's Motion to Amend in her related case, 12-cv-5878, which is also before this court. Although the court is aware that plaintiff seeks to consolidate the two actions, they are not currently consolidated, and thus the court considers the R&R in this case independently from the related case.

On September 5, 2015, Judge Levy issued a R&R recommending that the court grant in part and deny in part defendant's motions and that the court grant in part and deny in part plaintiff's motion to amend the complaint. (R&R, ECF No. 48.) Specifically, the R&R recommended that the court dismiss plaintiff's failure to promote claim and deny the defendant's motion to dismiss, or in the alternative for summary judgment, in all other respects. (R&R at 12.) The R&R deemed plaintiffs' complaint to be amended to the extent plaintiff's proposed amendments added detail to plaintiff's grade denial and retaliation claims and for purposes of deciding defendant's motions. (*Id.* at 6.) The R&R considered these amendments when considering defendant's motion to dismiss plaintiff's failure to promote and retaliation claims. The R&R recommended that the court deny plaintiff's motion to amend to the extent plaintiff seeks to add additional claims or claims related to the agency's original conditional offer in 2008 and allegations of breach relating to the settlement agreement at issue in plaintiff's other pending lawsuit, 12-cv-5878. (*Id.* at 6.) The R&R informed the parties that any objections to the R&R must be filed within fourteen days. (*Id.* at 12.) The court granted plaintiff's two requests for extensions to file her objections, and plaintiff

filed her objections on October 13, 2015.[5]  (Objections to R&R
("Obj."), ECF No. 58.)  Defendant filed no response to plaintiff's
objections.

A district court reviews those portions of a Report and
Recommendation to which a party has timely objected under a *de
novo* standard of review and "may accept, reject, or modify, in
whole or in part, the findings or recommendations . . . ."  28
U.S.C. § 636(b)(1)(C).  However, where no objections to the Report
and Recommendation have been filed, the district court "need only
satisfy itself that that there is no clear error on the face of
the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10
(S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189
(S.D.N.Y. 1985)).  In light of plaintiff's objections, the court
has conducted a *de novo* review of Judge Levy's Report and
Recommendation.

First, plaintiff objects to Judge Levy's recommendation
that the court deny plaintiff's motion to amend as to any
additional claims on the ground that the R&R does not provide any
reason for the denial.  Upon *de novo* review, the court finds that
the only additional claims proposed by plaintiff in her amended
complaint are that she was assigned more work and more supervision

---

[5] The court does not address plaintiff's allegations of Judge Levy's bias in
this Order, but considers her arguments in a separate order discussing
plaintiff's motion to recuse Judges Masumoto and Levy.

4

than other employees. (Am. Compl. at 2-3.) The court finds that these proposed amendments, however, are futile, because they do not adequately allege adverse employment actions.[6] *See Bennett v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236, 248 (S.D.N.Y. 2001) ("Courts in this district have found that reprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions."); *Young v. Rogers & Wells LLP.*, No. 00 CIV. 8019, 2002 WL 31496205, at *5 (S.D.N.Y. Nov. 6, 2002) ("Disproportionately heavy workload could perhaps be an adverse action, if the additional work significantly changed the employee's responsibilities so as to diminish that worker's role or status, or exposed the worker to dangerous or extreme conditions not appropriate to her job classification."). Consequently, the court adopts the R&R's recommendation to grant in part and deny in part plaintiff's motion to amend. Specifically, the court denies plaintiff's motion to amend insofar as the motion seeks to add any new claims or claims related to the agency's original conditional offer in 2008 and allegations of breach relating to the settlement agreement at issue in the 12-cv-5878 suit. The court, however, deems plaintiff's complaint amended with regard to her failure to promote and retaliation claims.

---

[6] The court notes, however, that plaintiff's allegations of a heavier workload and additional supervision may add detail to plaintiff's claim of harassment.

5

The R&R recommended dismissal of plaintiff's failure to promote claim on the ground that plaintiff failed to timely exhaust her claim. (R&R at 9-11.) Specifically, the R&R recommended that equitable tolling was not warranted, on the ground that plaintiff has failed to allege the extraordinary circumstances required to justify equitable tolling, especially where plaintiff has had numerous dealings with the agency EEO office. (*Id.*) Plaintiff objects to the recommendation that equitable tolling is not warranted here, arguing that she acted with reasonable diligence by consulting internal advice and preparing an Optional Self-Assessment which was produced to her supervisor. (Obj. at 2-3.) Although whether plaintiff acted with "reasonable diligence" during the time period she seeks to have tolled is a factor the court must consider in determining whether to grant equitable tolling, *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2012), reasonable diligence refers to diligence in filing a timely complaint with the relevant EEO office. Thus, plaintiff's arguments are unavailing.

The R&R recommended denial of defendant's motion to dismiss all harassment claims related to incidents prior to January 26, 2011 on the grounds that they are moot, because plaintiff makes clear in her opposition that her harassment claims

6

relate only to incidents that occurred on January 26, 2011 or later.  The court adopts Judge Levy's recommendation.

The R&R recommended denial of defendant's motion to dismiss plaintiff's retaliation claims.  Defendant argues that the plaintiff failed to allege a causal connection between the protected activity and the adverse action due to the gap in time between the alleged protected activity and the adverse action. The court adopts the R&R's analysis, that construing plaintiff's submissions liberally, "plaintiff's amended complaint overcomes this challenge because she alleges that the retaliation arose not only from her protected 2008 activity, but also from her later EEO counseling and her EEOC appeal." (R&R at 11.)  Specifically, defendant does not dispute that plaintiff was terminated on February 17, 2011 and that plaintiff initiated EEO counseling on or about January 3, 2011 in relation to her grade denial.  (Def.'s 56.1 Statement at ¶ 22, ECF No. 19-1.)

For the foregoing reasons, the court adopts the R&R in its entirety.  Consequently, the court dismisses plaintiff's failure to promote claim and denies defendant's motion in all other respects.  The court deems plaintiff's motion amended as to plaintiff's failure to promote and retaliation claims and denies plaintiff's motion to amend to the extent she seeks to add additional claims or claims related to the agency's conditional

7

offer in 2008 and allegations of breach relating to the settlement agreement at issue in plaintiff's other pending lawsuit, 12-cv-5878.

**SO ORDERED.**

Dated:   January 20, 2016
         Brooklyn, New York

                                       ___/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge