```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

JOYCE A. McMAHON,

        **ORDER**

    Plaintiff,

        12-cv-5878 (KAM)(RML)
        13-cv-1404 (KAM)(RML)

 -against-

JEH JOHNSON, Secretary, U.S. Department
of Homeland Security

    Defendant.
```
----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

  Plaintiff Joyce A. McMahon ("plaintiff" or "Ms. McMahon") commenced two actions against Jeh Johnson[1], the Secretary of the Department of Homeland Security ("DHS" or "defendant" or the "agency"), alleging that defendant discriminated against her on the basis of her race, color, national origin, sex, and age and then retaliated against plaintiff for her complaint to the agency's Equal Opportunity Office ("EEO") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age Discrimination and Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621-634.

  On January 20, 2016, the court issued orders adopting Judge Levy's Report and Recommendations ("R&R") in plaintiff's

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson, Secretary of the U.S. Department of Homeland Security, is automatically substituted for the originally named defendant Secretary of Homeland Security.

respective cases.  (ECF No. 86, 12-cv-5878; ECF No. 63, 13-cv-1404.)  On the same day, the court also denied plaintiff's motion to disqualify Judge Matsumoto and denied plaintiff's request for Judge Levy's recusal in her objections to the R&Rs.  (ECF No. 87, 12-cv-5878; ECF No. 64, 13-cv-1404.)  The court also denied plaintiff's motions for pre motion conferences as moot.

Plaintiff filed as motions for reconsideration identical letters in both cases on February 3, 2016 that were dated February 2, 2015.  (ECF No. 88, 12-cv-5878; ECF No. 65, 13-cv-1404.)  The letter noted that plaintiff "will be moving for Reconsideration on all three of your orders on each case" and "will simultaneously be filing Appeals with the New York Court of Appeals."  Plaintiff then posed the following question to the court in her letter: "Is it correct that I have 30 days from January 20th to move for Reconsideration and 60 days to file my appeals?"  On February 3, 2016, the court terminated the motions for reconsideration, noting that the court cannot provide legal advice and instructing plaintiff to consult the Local Rules for the Eastern District of New York, the Federal Rules of Civil Procedure, and the Federal Rules of Appellate Procedure.  Plaintiff requested extensions of time to file her motions for reconsideration in two letters, the first dated February 16, 2016 and filed on February 17, 2016, and the second

2

dated and filed on March 2, 2016.  (ECF Nos. 92 and 93, 12-cv-5878; ECF Nos. 67 and 71, 13-cv-1404.)  The court granted plaintiff's requests for extensions.

Pending before the court are plaintiff's six motions for reconsideration filed on March 4, 2016.  (ECF Nos. 99-101, 12-cv-5878; ECF Nos. 72-74, 13-cv-1404.)  Plaintiff filed interlocutory appeals of the court's orders on March 1, 2016.  (ECF Nos. 94-96, 12-cv-5878; ECF Nos. 68-70, 13-cv-1404.)

Preliminarily, the court must address the question of whether it has jurisdiction to consider plaintiff's motions for reconsideration notwithstanding the fact that she filed notices of appeal on March 1, 2016.  Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i):

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

As an initial matter, the court notes that the court has not entered judgment in this case, because the court's orders that are the subjects of plaintiff's motions for reconsideration did not dispose of the cases and are not final.  Although plaintiff filed her motions for reconsideration on March 4, 2016, after filing her notices of appeal on March 1, 2016, the court nonetheless construes plaintiff's letters filed

3

on February 3, 2016, which provided notice that plaintiff intended to file motions for reconsideration, as the date on which she filed her motion for reconsideration. Consequently, the court proceeds to decide the motions for reconsideration on their merits. *See, e.g.*, *Dama v. Seirup*, 96-cv-2557, 2008 WL 1957772, at \*1 (E.D.N.Y. May 2, 2008).

Local Civil Rule 6.3[2] of the United States District Court for the Eastern District of New York permits a party to move for reconsideration based on "matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Mahadeo v. New York City Campaign Fin. Bd.*, 514 F. App'x 53, 55 (2d Cir. 2013) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Here, plaintiff's motions for reconsideration have failed to meet the strict standard meriting reconsideration; she has pointed to no controlling decisions or data that the court

---

[2] The Second Circuit has held that a plaintiff's motion for reconsideration pursuant to Local Rule 6.3 qualifies as a motion under Federal Rule of Appellate Procedure 4(a)(4)(A) for purposes of determining when a notice of appeal becomes effective. *See Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002).

4

has overlooked.  Consequently, plaintiff's motions for reconsideration are denied.

**SO ORDERED.**

Dated:   April 1, 2016
         Brooklyn, New York

                                          ___/s/_____
                                          Kiyo A. Matsumoto
                                          United States District Judge